**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 4, 2011[*]
Decided May 5, 2011

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3313

| | |
|---|---|
| FRANCISCO JAVIER ESTRADA, *Petitioner-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 10-cv-465-bbc |
| WARDEN HOLINKA, *Respondent-Appellee*. | Barbara B. Crabb *Judge*. |

**O R D E R**

Francisco Estrada, a federal inmate, appeals from the denial of his petition for a writ of *habeas corpus*, 28 U.S.C. § 2241, alleging that his prison disciplinary hearing violated prison rules and due process, and that he was found guilty of rule violations based on insufficient evidence. We affirm.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(c).

Estrada was an inmate at the Federal Correctional Institute in McKean, Pennsylvania when a riot broke out in the recreation yard. According to the prison's incident report, the riot began when groups from two Hispanic gangs, the *Surenos* and *Paisa*s, met briefly on the basketball courts and then dispersed to attack African American inmates with rocks, broken equipment, and other makeshift weapons. The riot quickly escalated. By the time prison staff regained control, 212 inmates had been involved.

Two weeks later, Estrada received the incident report citing him for two prison violations in connection with the riot: Refusing to Obey the Order of any Staff member (Code 307) and Conduct which Disrupts and Interferes with the Security and Orderly Running of a Bureau of Prisons Facility (Code 199). The report stated that prison officials and video surveillance spotted Estrada among a group of inmates who all ran into the fray despite receiving orders to stay uninvolved. Estrada was interviewed about the incident; a lieutenant documented Estrada's confession that he belonged to *Paisas* and joined the brawl because the gang required it.

At his disciplinary hearing, Estrada maintained that he stayed behind and did not participate in the riot. But the hearing officer rejected that defense as contradicted by surveillance video showing his flight to join the fight, and by his statement that he got involved in the riot because he was a *Paisa*. The hearing officer found that Estrada violated both of the prison rules and imposed a penalty consisting of a disciplinary transfer, 60 days of disciplinary segregation, and loss of 40 days' good time credit.

Estrada petitioned for a writ of habeas corpus, claiming that he lost good time credit in violation of prison rules because, he says, he did not receive a prompt hearing or timely notice of the charges against him. He also claimed that the hearing violated his right to due process because his statements to the investigating lieutenant were taken out of context, he did not have access to the video surveillance tape, and he was convicted based on insufficient evidence. The district court denied Estrada's petition. The court found that the prison provided Estrada with timely notice and a prompt hearing, that Estrada's procedural complaints were without merit, and that the hearing officer's decision was supported by sufficient evidence.

On appeal Estrada primarily challenges the district court's determination that sufficient evidence supported the hearing officer's decision. He first argues that the court's sufficiency determination was based on the mistaken assumption that the hearing officer had watched the surveillance tape herself – she in fact only restated the investigator's original summary of the video from the incident report in her summary of the evidence for her decision. But, nothing in the district court's order suggests an assumption that the officer watched the video; the evidence considered by the court consisted of Estrada's own

statements to investigators, eyewitness accounts, and the investigator's written summary of the "evidence contained in the video." Even without watching the video, the hearing officer had more than a "modicum" of evidence to support her decision, and that was all that was required to meet the "lenient" evidentiary standard in a prison disciplinary hearing. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000); *see also Superintendent, Mass. Correctional Inst., Walpole v. Hill,* 472 U.S. 445, 455-56 (1985).

Estrada relatedly challenges the sufficiency of the evidence on the grounds that it included his alleged confession, which, he says, should have been inadmissible because he did not receive notice about it. But as the district court noted, the record shows that Estrada did receive notice because his confession is summarized in the investigation report that prison officials gave him. And regardless, due process requires only that prisoners in a disciplinary proceeding receive (1) advance written notice of the violation, (2) the opportunity to call witnesses and present evidence before an impartial decision maker, and (3) a written statement by the fact-finder detailing the evidence and reasons for the decision. *See Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). Prison officials were not required to give Estrada advance notice about the confession.

Estrada makes a third, general challenge to the sufficiency of the evidence, asserting that the hearing officer decided that he was involved in the riot only after learning that he was a member of the *Paisas,* and not because the evidence supported her decision. Estrada focuses on a statement from the hearing officer's decision that it is "common knowledge in a correctional setting that if you're a member of a particular disruptive group, you are expected to support other members of that group by participating in their activities." But the hearing officer wrote that in the context of explaining why she credited Estrada's earlier confession over his denial at the hearing that he joined the riot. Regardless, Estrada's right to due process was not violated because the officer's conclusion was supported by some evidence that objectively pointed toward his guilt. *Webb,* 224 F.3d at 652.

Finally, Estrada claims that he was denied due process because he was not allowed to view the surveillance video and thereby substantiate his innocence. But prison officials determined that the video was not exculpatory and gave Estrada a written report detailing the substance of the video; due process did not require that they do more. *See Scruggs,* 485 F.3d at 940.

AFFIRMED.